E-FILED
Monday, 01 August, 2016 03:50:12 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMON GOODLOE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 16-cv-4062-JES |
| ) | |
| JOHN BALDWIN, et al., ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 action against 17 Defendants for retaliation and deliberate indifference to his serious medical needs. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that on July 25, 2013, he was transferred to the Hill Correctional Center. Upon admission, he informed the staff that he was experiencing bleeding and internal pain after bowel movements. Plaintiff was seen that day by Defendant Dr. Sood who prescribed him a stool softener and hemorrhoid ointment. He was also seen by Nurse Practitioner Defendant Bloomfield who noted that Plaintiff had several small external condyloma (genital) warts on his

1

anus.  Defendants Sood and Bloomfield apparently informed Plaintiff that the bleeding was due to the anal warts.  Defendant disputed this, claiming that he had the warts for 18 years without incident.

Plaintiff alleges that defendants did not adequately treat the anal warts and that they did not adequately work-up and treat the abdominal pain.  He claims that Defendants Drs. Sood and Fisher, after collegial review, denied his request to be sent to an outside specialist.  He claims, further, that Dr. Sood treated the condyloma with an acid solution that burned Plaintiff's skin, and denied the collegial review in retaliation for Plaintiff writing grievances against him.  He alleges that Defendants Healthcare Administrator Lindorff, and Nursing Director Brown were aware that he was not being adequately treated and "covered up" the matter.

Plaintiff also complains that he heard an unidentified Hill Correctional Center nurse telling another nurse and an officer that Plaintiff had "herpes", and that this was done maliciously, to cause him embarrassment.  Plaintiff alleges as to Counselor Schultz's that the Counselor's response to his grievances were "inaccurate".

On September 23, 2014, Plaintiff was sent to an outside specialist at St. Mary's Hospital, Dr. Whittle.  Dr. Whittle undertook a colonoscopy and exam and diagnosed Plaintiff with anal condyloma and an anal fissure.  He undertook a surgical correction of the anal fissure and excision of the condyloma on an unspecified date.  Plaintiff claims, however, that the surgery has failed to relieve his abdominal pain.

It is well established that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment.  *Snipes v DeTella*, 95 F.3d 586, 590 (7th Cir 1996), citing *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. 285 (1976).  A claim does not rise to the level of an Eighth Amendment issue, however, unless the punishment is "deliberate or otherwise reckless in the

criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996). Mere negligence or even gross negligence does not constitute deliberate indifference. *Id* at 590. (Citations omitted).

To state a claim for retaliation under the First Amendment, a plaintiff must show: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action. *Massey v. Johnson*, *457 F.3d 711, 716* (7th Cir. 2006).

Plaintiff states enough to allege deliberate indifference in Dr. Sood's failure to earlier refer him to an outside specialist and for treating the condyloma with a solution which burned Plaintiff's skin. It should be noted, however, that a physician's decision not to refer to a specialist constitutes deliberate indifference only when the decision is "blatantly inappropriate." *See Pyles v. Fahim*, 771 F.3d 403, 411–12 (7th Cir. 2014) (internal citations and quotation marks omitted). ). However, "[e]ven a few days' delay in addressing a severely painful but readily treatable condition suffices to state a claim of deliberate indifference." *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (ten month delay in providing medication for rheumatoid arthritis stated claim for deliberate indifference). In this case, Dr. Sood eventually referred Plaintiff to a specialist who, likewise did not discover a cause of the abdominal pain. Plaintiff may not be able to establish that he was prejudiced by the delay when the specialist to whom he was referred was also unable to provide him relief. This issue, however, will await a more fully developed record.

Plaintiff's deliberate indifference claims against Defendants Fisher, Bloomfield, Lindorff and Brown will go forward.  Plaintiff's retaliation claim, that Defendant Sood did not provide him adequate care in retaliation for Plaintiff having filed complaints against him, will also go forward.

Plaintiff admits that he was never seen by Dr. Shicker and merely wrote letters to him. This is not enough to establish Defendant's personal participation in the deprivation. *See Glasco v. Prulhiere*, 2009 WL 54298, at *1 (S.D. Ind. Jan. 8, 2009) ("Even if (the plaintiff) wrote letters to these defendants, this fact alone is insufficient to support recovery from supervisory defendants."); *Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (holding that a plaintiff could not establish personal involvement, and subject a prison official to liability under section 1983, merely be sending the official various letters or grievances complaining about the actions or conduct of subordinates.)  Defendant Shicker is DISMISSED.

Plaintiff alleges that Defendants Holbrook, Funk and Towne were deliberately indifferent, but does not direct any allegations against them. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)(Section 1983 does not allow actions against individuals just for their supervisory role of others, and so individual liability under Section 1983 can only be based upon a finding that the defendant caused the deprivation alleged). "To be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Defendants Holbrook, Funk and Towne are DISMISSED.

Plaintiff fails to state a claim against Defendant McCarty of the Administrative Review Board, Grievance Officer Gans, and Counselor Schultz, for the denial of his grievances. *See Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011).  "[T]he alleged mishandling of [Plaintiff's]

grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." Defendants McCarty, Gans and Schultz are DISMISSED.

Plaintiff claims that the unidentified nurse "maliciously" informed others that he had herpes. This allegation, however, states neither a claim of deliberate indifference nor retaliation where Plaintiff does not allege that he was retaliated against for a constitutional exercise. *See Lindell v. O'Donnell*, No. 05-C-04-C, 2005 WL 2740999, at *27 (W.D. Wis. Oct. 21, 2005), citing *McElroy v. Lopac*, 403 F.3d 855, 858 (7th Cir. 2005); finding that a matter of "solely personal concern" to plaintiff did not constitute protected speech warranting First Amendment protection. Furthermore, Plaintiff alleges only generally, that "other" staff members are liable for these incidents. However, in a 27-page complaint, he does not make any specific allegations against other staff members. As a result, the John Doe and Jane Doe Defendants, including the referenced "unknown nurse", are DISMISSED.

Plaintiff attempts to name Dr. Whittle, the St. Mary's Hospital physician, in his § 1983 action. Dr. Whittle, however, is a private individual not employed by IDOC and, therefore, not a state actor liable for a constitutional deprivation. *See Spencer v. Lee*, 864 F.2d 1376, 1382 (7th Cir. 1989) (private physician and private hospital not state actors). Dr. Whittle is DISMISSED.

Plaintiff names Director John Baldwin and Warden Stephanie Dorethy in the caption of the complaint, but directs no allegations against them. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998) ("[M]erely naming a defendant in the caption is insufficient to state a claim. The converse is also true: describing a constitutional violation committed by someone who is not a defendant does not adequately state a claim. It is unclear whether claims are being made against the individual defendants, and no overarching policy or practice of deliberate indifference is

alleged." *Jones v. Butler,* No. 14-00846, 2014 WL 3734482 *2 (S.D. Ill. July 29, 2014). Defendants Baldwin and Dorethy are DISMISSED.

    **IT IS THEREFORE ORDERED:**

    1.    This case shall proceed solely on a claim of deliberate indifference and retaliation against Dr. Sood; and deliberate indifference against Defendants Fisher, Bloomfield, Lindorff and Brown. Defendants Shicker, Holbrook, Funk, Towne, McCarty, Gans, Schultz, Whittle, Baldwin, Stephanie Dorethy, John Doe and Jane Doe are DISMISSED. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

    2.    Plaintiff files [5], a Request for Recruitment of Pro Bono Counsel, but does not allege that he attempted to recruit counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). [5] is DENIED. Plaintiff's request for Merit Review Status [6], is rendered MOOT by this Order.

    3.    The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

    4.    If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of

forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.   Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6.   Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7.   Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8.   Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9.   Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1)  ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

|   8/1/2016   | s/James E. Shadid |
|---|---|
| ENTERED | JAMES E. SHADID |
|  | UNITED STATES DISTRICT JUDGE |